UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:                                                                              Case No. 8-12-73616-DTE

    ANDREA J. DUNN a/k/a
    ANDREA J. TRAUTMANN,                                  Chapter 7

                                       Debtor,
---------------------------------------------------------X

ANDREA J. DUNN a/k/a
ANDREA J. TRAUTMANN,
            Plaintiff,

                                                                                       Adv. Proc. No. _____
    v.

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY d/b/a AMERICAN
EDUCATION SERVICES, NAVIENT
PRIVATE LOAN TRUST, NAVIENT CREDIT
FINANCE CORP., NAVIENT a/k/a
NAVIENT SOLUTIONS, LLC f/k/a SALLIE
MAE, individually and as successor to United
States Department of Education, NAVIENT a/k/a
NAVIENT SOLUTIONS, INC. f/k/a SALLIE
MAE, individually and as successor to United
States Department of Education, and UNITED
STATES DEPARTMENT OF EDUCATION,

            Defendants.
---------------------------------------------------------X

## COMPLAINT UNDER SECTION 523(a) (8)

Plaintiff herein, by her attorneys of record, Somer, Heller & Corwin, LLP, by Melissa Corwin, Esq., as and for her Complaint against the Defendants, alleges as follows:

### Parties and Jurisdiction

1.    This is a core proceeding over which this court has jurisdiction under 28 U.S.C. Sec. 157(b).

2. Venue is proper in this district by virtue of 28 U.S.C. Sec. 1409(a), as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this district.

3. Plaintiff filed a Chapter 7 Petition on June 7, 2012.

4. This adversary proceeding is commenced under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure, by Plaintiff, seeking to determine the dischargeability of a debt pursuant to 11 U.S.C. Sec. 523 (a) (8).

5. Plaintiff is the debtor in this Chapter 7 case. Defendant, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a AMERICAN EDUCATION SERVICES, a guarantor of loans; Defendants NAVIENT PRIVATE LOAN TRUST, NAVIENT CREDIT FINANCE CORP., lenders of private loans; Defendant, NAVIENT a/k/a NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, both f/k/a SALLIE MAE, a servicer of loans for United States Department of Education; and Defendant, the UNITED STATES DEPARTMENT OF EDUCATION, are all creditors of the Plaintiff. Plaintiff is indebted to Defendants in the total sum of approximately $198,000.00, plus any past due amounts, penalties and interest, for various different education loans.

## Cause of Action

6. Plaintiff secured loans from PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a AMERICAN EDUCATION SERVICES in or about 2005 through 2007. Good faith payments were made from May, 2008 through June, 2017.

7. Plaintiff secured loans from the United States Department of Education, through Sallie Mae in or about 2005 through 2007. Good faith payments were made from April, 2008 through June, 2017, when Plaintiff thereafter entered into a reduced payment plan (effective only through December, 2017) and failed to make multiple payments

thereunder.

8. Plaintiff secured private loans through NAVIENT PRIVATE LOAN TRUST and/or NAVIENT CREDIT FINANCE CORP. in or about 2005 through 2007. Good faith payments were made from April, 2008 through June, 2017, when Plaintiff thereafter entered into a reduced payment plan (effective only through December, 2017) and failed to make multiple payments thereunder.

9. Upon information and belief, NAVIENT a/k/a NAVIENT SOLUTIONS, INC. n/k/a NAVIENT SOLUTIONS, LLC was the successor in interest to SALLIE MAE.

10. That the subject student loan debts were incurred for the purposes of debtor obtaining a Bachelor's Degree from Full Sail University.

11. The Debtor attended Full Sail University from 2005 through 2007 and graduated with an Associate's Degree in Recording Arts and a Bachelor's Degree in Entertainment Business.

12. Full Sail University was and is not regionally accredited thereby making certain credits non-transferrable and the debtor's undergraduate degree not acceptable to certain graduate schools.

13. Full Sail University promised the Debtor job placement in her field.

14. Full Sail University failed to offer or provide Debtor the promised job placement.

15. For more than ten (10) years, the Debtor has been unable to find work in the field of her degree(s).

16. Full Sail University did not provide the Debtor with the tools and knowledge to be competitive in the workplace.

17. The Debtor has and remains unable to find meaningful employment in the field of her

degree(s).

18. The Debtor is employed as a seasonal employee, subject to furloughs, by the Internal Revenue Service.

19. The Debtor's gross income for the year 2016 was $32,560.87.

20. The Debtor has two (2) children, ages five (5) months and eight (8) years for whom she needs to provide care.

21. The Debtor's current net income, including child support received, is $353.00 per week.

22. The Debtor is subject to being furloughed in December, 2017, subject to change.

23. The Debtor's living expenses for herself and her children leave her with no income to apply to the subject student loans.

24. The Debtor is unable to provide a quality lifestyle, or even a minimal standard of living, to her children as her salary/support income barely suffices for the necessities of life.

25. The Debtor's co-signer on the subject loans, i.e. her Father, Charles G. Trautmann, has been the party paying the subject student loan debt, however, Mr. Trautmann has been diagnosed with vascular dementia with behavioral disturbance thus requiring that his only income (i.e. Social Security of $2,265.00 per month) now be needed for his personal care and welfare.

26. That the Debtor and her co-signer have made a good faith effort to repay the subject student loan debt over the last nine (9) and one-half (½) years.

27. That given the co-signer's health prognosis and the Debtor's inability to obtain meaningful employment in her field, this state of affairs is likely to persist for a significant portion, if not all, of the repayment period of the student loans. Accordingly, it would impose an undue hardship for the Plaintiff to repay these debts.

28. That Plaintiff cannot maintain a minimal standard of living based on her current income

and expenses if required to pay the student loan debts.

29. That some of the subject loans are private loans, which should have otherwise previously been discharged in the above-captioned bankruptcy case.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Court determine that the student loan debts of approximately $198,000.00, plus arrears, penalties and interest, is dischargeable, and that Plaintiff have such other and further relief as is just.

Dated: January 18, 2018

_____
Melissa Corwin, Esq.
Attorney for the Plaintiff/Debtor
SOMER, HELLER & CORWIN, LLP
2171 Jericho Turnpike, Suite 350
Commack, New York, 11725
631-462-2323

S:\DOCS\BANKRUPT\Dunn aka Trautmann - FILE 25599\Adversary.Complaint.wpd