

# SOMER, HELLER & CORWIN LLP

## ATTORNEYS AT LAW

2171 Jericho Turnpike, Suite 350, Commack, New York 11725
(631) 462-2323 • Fax (631) 462-2338** • www.somerheller.com

STANLEY J. SOMER
JEFFREY T. HELLER+
MELISSA CORWIN*

PAUL A. BARTELS

+ ALSO ADMITTED IN FLORIDA
* ALSO ADMITTED IN NEW JERSEY

OF COUNSEL: MICHAEL C. MARCUS

** NOT FOR LEGAL PROCESS

May 8, 2018

**Submitted via ECF**
The Honorable Louis A. Scarcella
United States Bankruptcy Judge
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Re:  *Andrea Dunn v. Pennsylvania Higher Education Assistance Agency, et al.*
     Adv. Proc. No. 8-18-8011-las

Dear Judge Scarcella:

Plaintiff, ANDREA DUNN, and Defendants, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY D/B/A AMERICAN EDUCATION SERVICES ("PHEAA"), NAVIENT SOLUTIONS, LLC, on behalf of itself and named defendants NAVIENT PRIVATE LOAN TRUST, NAVIENT CREDIT FINANCE CORP., NAVIENT a/k/a NAVIENT SOLUTIONS, LLC f/k/a SALLIE MAE, NAVIENT a/k/a NAVIENT SOLUTIONS, INC. f/k/a SALLIE MAE ("Navient"), and EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC"), respectfully submit this joint letter pursuant to Your Honor's March 29, 2018 Order Adjourning Pretrial Conference for Amended Complaint (the "Order") and in advance of the Pretrial Conference scheduled for May 15, 2018 at 10:00 a.m.

The following Defendants remain in default at this time: THE NATIONAL COLLEGIATE TRUST, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, THE EDUCATION RESOURCES INSTITUTE, INC., J.P. MORGAN CHASE BANK, N.A., CITIZENS BANK, N.A. f/k/a CHARTER ONE BANK, N.A., THE BANK OF NEW YORK MELLON CORPORATION, and STRADA EDUCATION NETWORK, INC. f/k/a USA FUNDS, INC.[1]

---

[1] The United States Department of Education appeared by Notice of Appearance but did not serve a formal Answer. Said Defendant was dismissed from the action via Order dated May 3, 2018 approving a Stipulation between the Plaintiff and said Defendant dated April 30, 2018, which was on consent of all appearing Defendants, on the grounds that the Department of Education is not the holder of any of the subject loans.

(i.) <u>Description of the Case:</u>

This adversary proceeding is commenced under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure, by Plaintiff, seeking to determine the dischargeability of a debt pursuant to 11 U.S.C. Sec. 523 (a) (8). Plaintiff is the debtor in this Chapter 7 case. The Defendants, with the exception of PHEAA, are all creditors of the Plaintiff (the "Creditor Defendants"). PHEAA is a servicer of those loans held by National Collegiate Trust. Plaintiff is indebted to the Creditor Defendants in the total sum of approximately $198,000.00, plus any past due amounts, penalties and interest, for various different education loans.

Plaintiffs' Complaint alleges the following: the Debtor attended Full Sail University from 2005 through 2007 and graduated with an Associate's Degree in Recording Arts and a Bachelor's Degree in Entertainment Business; Full Sail University was and is not regionally accredited thereby making certain credits non-transferrable and the debtor's undergraduate degree not acceptable to certain graduate schools; for more than ten (10) years, the Debtor has and remains unable to find meaningful employment in the field of her degree(s); the Debtor is employed as a seasonal employee, subject to furloughs, by the Internal Revenue Service, with a current net income, including child support received, of $353.00 per week; the Debtor has two (2) children, ages five (5) months and eight (8) years for whom she needs to provide care; the Debtor's living expenses for herself and her children leave her with no income to apply to the subject student loans; the Debtor is unable to provide a quality lifestyle, or even a minimal standard of living, for her children as her salary/support income barely suffices for the necessities of life; the Debtor's co-signer on the subject loans, i.e. her Father, Charles G. Trautmann, has been the party paying the subject student loan debt, however, Mr. Trautmann has been diagnosed with vascular dementia with behavioral disturbance thus requiring that his only income (i.e. Social Security of $2,265.00 per month) now be needed for his personal care and welfare; the Debtor and her co-signer have made a good faith effort to repay the subject student loan debt over the last ten (10) years; given the co-signer's health prognosis and the Debtor's inability to obtain meaningful employment in her field, this state of affairs is likely to persist for a significant portion, if not all, of the repayment period of the student loans and accordingly, it would impose an undue hardship for the Plaintiff to repay these debts; further, some of the subject loans are private loans, which should have otherwise previously been discharged in the above-captioned bankruptcy case.

The responding Defendants have filed Answers to the Plaintiff's Complaint, and put the Plaintiff to her proof.

The only affirmative defense raised in the action is by Defendant PHEAA, which alleges failure to state a cause of action. PHEAA asserts that it is merely the servicer of the loans held by National Collegiate Trust. Therefore, even if the debtor were to obtain the declaratory judgment that she seeks as to PHEAA, it would have no effect on liability as to the holder of the debt on

*Andrea Dunn v. Pennsylvania Higher Education Assistance Agency, et al.*
May 8, 2018
Page 3

which she is obligated. Counsel for PHEAA has indicated that it will also be argued that the disability claimed by the Plaintiff did not occur until after the Plaintiff filed her petition and received her discharge, and therefore is not a proper basis for the discharge of the debt at issue.

(ii).  **Contemplated Motions.**

Defendant, ECMC, has indicated that depending on the information it receives in the course of discovery, ECMC may request permission from the court to file a motion for summary judgment. No motions are contemplated by any of the other appearing parties at this time.

(iii).  **Description of Discovery.**

The Plaintiff and Defendant, Navient, have served formal Rule 26 disclosures. Defendant, PHEA, has served certain documents pursuant to Rule 26, but has not otherwise served a formal Rule 26 response. No other Defendants have served Rule 26 disclosures at this time.

Defendant, Navient, served upon Plaintiff, a Request for Production, a Request for Admissions and a Request for Interrogatories. Plaintiff has served responses thereto.

Plaintiff has served upon Defendants, Navient, PHEAA and ECMC, Requests for Production, to which responses are due by May 23, 2018.

No other discovery has been served at this time.

(iv).  **Settlement Prospects.**

Defendant, PHEAA, maintains that it has no proprietary rights with respect to the obligations owed by the debtor to the noteholder, as it is merely a servicer for National Collegiate Trust (i.e. the owner of the debt) and therefore has no authority to enter into a settlement agreement that compromises the noteholder's rights, remedies and privileges.

Given the early stage of the action, no settlement discussions have been had between any of the parties at this time.

*Andrea Dunn v. Pennsylvania Higher Education Assistance Agency, et al.*
May 8, 2018
Page 4

Thank you for your attention to this matter.

Respectfully submitted,

_____
Melissa Corwin, Esq.
**Somer, Heller & Corwin, LLP**
2171 Jericho Turnpike, Suite 350
Commack, New York 11725
(631) 462-2323 (telephone)
(631) 462-2338 (facsimile)
*Attorneys for Plaintiff*

_____
Douglas T. Tabachnik, Esq.
**Law Offices of Douglas T. Tabachnik, P.C.**
Woodhull House
63 West Main Street
Suite C
Freehold, New Jersey 07728
(732)780-2760 (telephone)
(732)780-2761 (facsimile)
*Attorneys for Defendant, PHEAA*

_____
Kenneth L. Baum, Esq.
**Law Offices of Kenneth L. Baum LLC**
167 Main Street
Hackensack, New Jersey 07601
(201)853-3030 (telephone)
(201)584-0297 (facsimile)
*Attorneys for Defendant, ECMC*

_____
Paul J. Hooten, Esq.
**Paul J. Hooten & Associates**
5505 Nesconset Highway, Suite 203
Mt. Sinai, New York 11776
(631)331-0547 (telephone)
(631)331-2627 (facsimile)
*Attorneys for Defendants, Navient*

*Andrea Dunn v. Pennsylvania Higher Education Assistance Agency, et al.*
May 8, 2018
Page 4

Thank you for your attention to this matter.

Respectfully submitted,

_____
Melissa Corwin, Esq.
**Somer, Heller & Corwin, LLP**
2171 Jericho Turnpike, Suite 350
Commack, New York 11725
(631) 462-2323 (telephone)
(631) 462-2338 (facsimile)
*Attorneys for Plaintiff*

_____
Douglas T. Tabachnik, Esq.
**Law Offices of Douglas T. Tabachnik, P.C.**
Woodhull House
63 West Main Street
Suite C
Freehold, New Jersey 07728
(732)780-2760 (telephone)
(732)780-2761 (facsimile)
*Attorneys for Defendant, PHEAA*

*/s/ Kenneth L. B_____*
_____
Kenneth L. Baum, Esq.
**Law Offices of Kenneth L. Baum LLC**
167 Main Street
Hackensack, New Jersey 07601
(201)853-3030 (telephone)
(201)584-0297 (facsimile)
*Attorneys for Defendant, ECMC*

_____
Paul J. Hooten, Esq.
**Paul J. Hooten & Associates**
5505 Nesconset Highway, Suite 203
Mt. Sinai, New York 11776
(631)331-0547 (telephone)
(631)331-2627 (facsimile)
*Attorneys for Defendants, Navient*